

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 30, 2004

Peter E. Gelhaar, Esq.
Donnelly Conroy & Gelhaar, LLP
One Beacon Street
Boston, MA 02108

Re: <u>United States v. Nicole Bartlett</u>

Dear Attorney Gelhaar:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Nicole Bartlett ("Defendant"), in the above-captioned case.  The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date but in no event later than December 15, 2004, Defendant shall plead guilty to counts one through nine of the Information (Crim. No. 04-10297) that charges her with making, possessing and uttering forged securities, in violation of Title 18, United States Code, Section 513.  The U.S. Attorney will move to dismiss counts ten through twelve of the Information.  Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crimes charged in counts one through nine of the Information and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties for each count of the Information:

        - 10 years in prison;
        - $250,000 fine;
        - restitution;
        - 3 years supervised release;

- $100 special assessment.

3.    Sentencing Guidelines

The parties agree to take and will take the following positions at sentencing under the United States Sentencing Guidelines (effective November 1, 2002) as to all counts unless otherwise specified below:

(a)    U.S.S.G. §2B1.1(a) is the applicable sentencing guideline, and provides for a base offense level ("BOL") of 6;

(b)    the loss involved exceeded $200,000, requiring an increase in the BOL of at least 12;

(c)    the government will take the position that the offense involved more than 50 victims, requiring an increase in the BOL of 4 pursuant to U.S.S.G. §2B1.1(b)(2)(B).  The defendant will take the position that the offense involved more than 10 victims, requiring an increase in the BOL of 2 pursuant to U.S.S.G. §2B1.1(b)(2)(A)(i).  The defendant agrees to waive any rights she may have to a jury trial to determine the number of victims in this case beyond a reasonable doubt and agrees that this determination will be made by the sentencing judge applying the preponderance of the evidence standard;

(d)    U.S.S.G. §3B1.3 is applicable as the defendant abused a position of trust in committing the offense, requiring an increase in the BOL of 2;

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit her conduct in the offenses of conviction;

2

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)    Fails to provide truthful information about her financial status;

(e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)    Intentionally fails to appear in Court or violates any condition of release;

(h)    Commits a crime;

(i)    Transfers any asset protected under any provision of this Agreement; and/or

(j)    Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)    Incarceration at the low-end of the applicable guideline range;

(b)    A fine at the low-end of the applicable guideline range [unless the court finds pursuant U.S.S.G. §

3

5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine];

(c)    Restitution;

(d)    Mandatory special assessment; and

(e)    Two years of supervised release.

The defendant reserves the right to argue that there is a basis for a departure under the provisions of the United States Sentencing Guidelines based on extraordinary family circumstances.  The U.S. Attorney will oppose any such argument for downward departure.  The U.S. Attorney and Defendant agree that there is no other basis for departure under the provisions of the United States Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

(1)    Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $2,000;

(2)    Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to

4

whom she owes a legal duty of support, so long as such assets do not exceed $3,500 per month; and

(3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing [and any tax liability incurred as a result of the conduct charged in the Information] are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.    Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal.  Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with

5

regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

If the defendant seeks a downward departure at sentencing, her waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

Defendant intends to provide evidence concerning her background and mental capacity to the U.S. Probation Office for

inclusion in the Presentence Report.  Consistent with paragraph 4
above, the defendant agrees that although she will offer evidence
of her background and mental capacity, she will not seek a
departure based on any basis other than one for extraordinary
family circumstances.  The U.S. Attorney agrees that the
defendant's submission of this information does not violate the
provisions of paragraph 4 above.

### 10.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Defendant may have incurred or may incur as
a result of her conduct and her plea of guilty to the charges
specified in paragraph one of this Agreement.

### 11.  Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court
for whatever reason, or later be withdrawn on motion of
Defendant, this Agreement shall be null and void at the option of
the U.S. Attorney.

### 12.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to
comply with any provision of this Agreement, has violated any
condition of her pretrial release, or has committed any crime
following her execution of this Agreement, the U.S. Attorney may,
at his sole option, be released from his commitments under this
Agreement in their entirety by notifying Defendant, through
counsel or otherwise, in writing.  The U.S. Attorney may also
pursue all remedies available to him under the law, irrespective
of whether he elects to be released from his commitments under
this Agreement.  Further, the U.S. Attorney may pursue any and
all charges which have been, or are to be, dismissed pursuant to
this Agreement.  Defendant recognizes that no such breach by her
of an obligation under this Agreement shall give rise to grounds
for withdrawal of her guilty plea.  Defendant understands that,
should she breach any provision of this agreement, the U.S.
Attorney will have the right to use against Defendant before any
grand jury, at any trial or hearing, or for sentencing purposes,
any statements which may be made by her, and any information,
materials, documents or objects which may be provided by her to
the government subsequent to this Agreement, without any
limitation.  In this regard, Defendant hereby waives any defense
to any charges which she might otherwise have under any statute
of limitations or the Speedy Trial Act.

7

13.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14.    Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Diane Cabo Freniere.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _James B. Farmer_

,JAMES B. FARMER
'Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

AUSA DIANE CABO FRENIERE
Assistant U.S. Attorney

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Nicole Bartlett
Defendant

Date: 11/24/2004


I certify that Nicole Bartlett has read this Agreement and that we have discussed its meaning.  I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Peter E. Gelhaar, Esq.
Attorney for Defendant

Date: 11/30/04