UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.  04-10297-RWZ |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| NICOLE N. BARTLETT, | ) | 18 U.S.C. § 513 (a) |
| | ) | (Making, Possessing, Uttering |
| Defendant | ) | Forged Securities) |
| | ) | |

MOTION TO CONTINUE SENTENCING HEARING
PRESENTLY SET FOR **MARCH 31, 2005**

The United States of America hereby moves this Court for an Order continuing the

sentencing date of March 31, 2005 sufficient time to allow the government to consult with a

psychiatric expert who would examine defendant Bartlett and prepare a report of the results of

that examination.  As grounds for this motion, the government states as follows:

1.    At approximately 2:30 p.m. yesterday afternoon, counsel for the government

received from the USPO a copy of a 14 page psychiatric report prepared by Dr.

Steven N. Shapse, at the request of Ms. Bartlett's attorneys.  Although it appears

that Ms. Bartlett was examined by Dr. Shapse **nine (9) months ago**, on three

dates in May and June 2004, the report is just now being produced to the USPO

(and the government)[1] about a week before the scheduled sentencing hearing,

leaving the government little opportunity to consider the report and/or take

appropriate steps to hire its own psychiatric expert to evaluate Ms. Bartlett.

_____

[1]  Although the cover letter to USPO Victoria indicates that the government was copied,
the government did not receive the report yesterday from the defendant but rather learned of the
delivery of the report to the USPO mid-day and received a copy of the report from USPO
Victoria.  Perhaps the government's copy is in the U.S. Mail.

Defense counsel offered no real reason for the delay in the production of the report other than to say that the report was not finalized until last week. In that it is the defendant who retained and paid for Dr. Shapse's report, this explanation – it was the doctor's delay in getting us the report – is really no excuse for producing the report at the eleventh hour.

2.  Among other things, it appears that Dr. Shapse has diagnosed Ms. Bartlett with Posttraumatic Stress Disorder (PTSD) and a personality disorder, largely based on trauma suffered as a result of her growing up in an "abusive home" with a alcoholic father. Dr. Shapse further opined that defendant Bartlett was "retraumatized by marital dynamics."

3.  It is expected that at the sentencing, although the defendant will not argue for a downward departure based on her psychiatric condition,[2] she intends to raise the findings of Dr. Shapse as a basis for a lower sentence, presumably under the 18 U.S.C. §3553(a) factors.

4.  Last evening, the government spoke to Dr. Martin Kelly, briefed him on the case, and asked for his assistance. Dr. Kelly has agreed to review materials from the case, examine the defendant, and render an opinion in connection with this case. The government requests that this Court grant a continuance so that this important work can be done by Dr. Kelly. The government asks that Dr. Kelly have at least until the end of April 2005 to do the above work and would ask for a sentencing

---

[2] In fact, under the terms of the plea agreement, the defendant is prohibited from making such an argument.

date thereafter.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    **/s/Diane C. Freniere**
Diane C. Freniere
Assistant U.S. Attorney

Dated: March 23, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the

foregoing document by electronic filing and by depositing in the United States mail a copy of

same in an envelope bearing sufficient postage for delivery:

Peter E. Gelhaar, Esq.
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108

This 23rd day of March, 2005.

**/s/Diane C. Freniere**
DIANE C. FRENIERE
ASSISTANT UNITED STATES ATTORNEY

3