UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10297-RWZ |
| ) | |
| NICOLE N. BARTLETT ) | |
| ) | |
| ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION TO CONTINUE SENTENCING HEARING**

Defendant Nicole N. Bartlett ("Ms. Bartlett") hereby opposes the government's motion to continue her sentencing from March 31, 2005, to an unspecified date at least one month from the original sentencing date, allegedly for the purpose of having Ms. Bartlett examined by Dr. Martin Kelly. As grounds for this opposition, Ms. Bartlett represents the following:

1. The government has known since at least *November of 2004* that Ms. Bartlett had been examined by a psychologist with respect to her mental condition at the time of the instant offense, and that Ms. Bartlett intended to apprise the Court of this issue at sentencing. Indeed, during plea negotiations, the government was advised that Ms. Bartlett had been examined by a psychologist. Thereafter, the subject of Ms. Bartlett's mental condition was the subject of much discussion between the government's and Ms. Bartlett's counsel, concerning to what extent Ms. Bartlett would be permitted to raise her mental condition at sentencing. The parties ultimately agreed in their Plea Agreement at paragraphs 4 and 9 that, although Ms. Bartlett would not be permitted to argue that her diminished mental capacity arose to the level of a departure ground (Plea Agreement, ¶4), she *would* be permitted to offer evidence of her mental condition at the time of the offense as background for the Probation Service:

> Defendant intends to provide evidence concerning her background and mental capacity to the U.S. Probation Office for inclusion in the Presentence Report. Consistent with paragraph 4 [of the Plea Agreement], the defendant agrees that although she will offer evidence of her background and mental capacity, she will not seek a departure based on any basis other than one for extraordinary family circumstances. The U.S. Attorney agrees that the defendant's submission of this information does not violate the provisions of paragraph 4 [of the Plea Agreement].

Plea Agreement, ¶9 at 6-7 (executed November 24, 2004). Thus, Ms. Bartlett intends to do nothing more than what the government agreed she could do over four months ago.

2. As we advised the government (as aforesaid), Ms. Bartlett was examined before her guilty plea in mid-2004 by Dr. Steven N. Shapse. Dr. Shapse's final report of his examination is dated March 17, 2005, and Ms. Bartlett's counsel received that report via e-mail on that day. Pursuant to Ms. Bartlett's obligations under the Plea Agreement, Ms. Bartlett promptly forwarded Dr. Shapse's report to the Probation Service on March 22, 2005, with a copy to the government.

3. The government's present claims of delay and/or surprise are wrong on the facts and do not make sense. Ms. Bartlett could not have been more transparent about her intentions, as evidenced by the above-referenced, detailed paragraphs in the Plea Agreement. With clear knowledge of Ms. Bartlett's intentions, the government had at least *four months* to request an examination of Ms. Bartlett to prepare itself for the evidence which Ms. Bartlett openly stated she would offer at her sentencing, yet has waited *five business days* before sentencing to pull the alarm bell and allege unpreparedness.

4. What is more, on March 21, 2005, Ms. Bartlett's counsel advised the government that it did not intend to seek an evidentiary hearing and call witnesses, including Dr. Shapse, at the sentencing hearing.[1] Therefore, because the government will not even have to cross-examine Dr. Shapse, its claim of unpreparedness rings even more hollow.

5. There is a strong presumption in the law in favor of conducting a prompt sentence, doubtlessly to minimize the type of debilitating emotional and psychological burden that Ms. Bartlett has experienced while awaiting sentencing. Rule 32(b)(1) of the Federal Rules of Criminal Procedure makes clear that a sentencing court "must impose sentence without unnecessary delay." "[M]ost circuits that have addressed this issue have held that the right to a speed trial extends to [the sentencing] phase." *United States v. Nelson-Rodriguez*, 319 F.2d 12, 60 (1st Cir. 2003) (First Circuit "assumed without deciding" that speedy trial right extends to sentencing). Recently, a sentencing court held that the government's "tactical quandary" over whether to await the Supreme Court's clarification of *Blakely* issues could not justify a delay in the imposition of sentence. *United States v. Arbour*, 335 F. Supp. 2d 152, 155-56 (D. Me. 2004). In the present case, Ms. Bartlett and her family - - especially her 9-year old son, Ryan - - will suffer special emotional hardship if the sentencing is delayed. Weighing the prejudice to Ms. Bartlett against the reason for the delay proferred by the government, the balance tips decidedly in favor of avoiding delay.

---

[1] Ms. Bartlett was not required to make this designation until March 25, 2005, but did so earlier. She has otherwise complied fully with the Court's Scheduling Order concerning her sentencing.

6. Finally, the equities certainly do not fall on the government's side of this issue for an additional reason. On March 21, 2005, the government notified Ms. Bartlett's counsel of a significant, new development. The government stated that the victim, the Children's Museum, was preparing a report concerning restitution which might inflate materially the known loss and restitution figures concerning Ms. Bartlett's embezzlement. The government stated that this report (which Ms. Bartlett *still* has not seen) *might* be received by Friday, March 25, and perhaps later. It is indeed inequitable for the government, on the one hand, to claim unpreparedness and seek a continuance concerning a matter which it has known about for at least four months, and, on the other hand, delay Ms. Bartlett's receipt of a victim impact report that may cause a material increase in Ms. Bartlett's potential restitution obligation concerning an embezzlement that was discovered in 2003.

7. At bottom, Ms. Bartlett respectfully requests that her sentencing be held as presently scheduled on March 31, 2005.

Respectfully submitted,

NICOLE N. BARTLETT

By her attorneys,

   /s/   Peter E. Gelhaar
Peter E. Gelhaar, Esq., BBO #188310
Karen A. Pickett, Esq., BBO #633801
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02109
Tel: 617-720-2880
Fax: 617-720-3554

DATED: March 23, 2005