UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>NICOLE N. BARTLETT )<br>)<br>) | CRIMINAL NO. 04-10297-RWZ |

DEFENDANT'S MOTION FOR RECONSIDERATION OF
COURT'S ORDER PROHIBITING USE OF
SHAPSE REPORT AT SENTENCING

Defendant Nicole N. Bartlett ("Ms. Bartlett") hereby: (1) objects to the Court's Order of March 24, 2005, denying the government's motion to continue Ms. Bartlett's sentence, to the extent that the Order precludes Ms. Bartlett from using "the Shapse report, directly or indirectly during or in connection with the sentencing proceeding;" and (2) respectfully requests that the Court reconsider its ruling. As grounds for this motion, Ms. Bartlett represents the following:

1. Most respectfully, the sanction of prohibiting Ms. Bartlett from using the Shapse report goes too far and is unfairly prejudicial, especially insofar as Ms. Bartlett has not violated any Order of the Court. The Court's Procedural Order Re: Sentencing Hearing, dated January 6, 2005, does not contain a timetable for Ms. Bartlett to produce psychologist's or therapist's statements or reports by a certain date. The Court's Sentencing Order requires only that the parties: (1) advise the Court by March 25, 2005, if an evidentiary hearing is necessary (and Ms. Bartlett has already advised the government that she will not be requesting a hearing); and (2) submit a sentencing memorandum by March 28, 2005. Thus, by producing the Shapse report earlier this week, Ms. Bartlett has violated no Order of the Court. Having complied with the

Court's Scheduling Order, the Court's sanction is both unwarranted and unfair.

2. Ms. Bartlett, however, has played no games whatsoever. Dr. Shapse submitted his final report on March 27, 2005, via e-mail to counsel. Two business days later, counsel forwarded the report to the Probation Service with a copy to the government. And, as stated in her original opposition to the government's continuance motion, the government has known for at least four months that Ms. Bartlett had been evaluated by a psychologist, yet waited until the week before sentencing to decide that it wanted to continue the sentencing for the purpose of seeking its own evaluation of Ms. Bartlett.

3. Most significantly, the Shapse report is *critical* to Ms. Bartlett's ability to address fairly and adequately the sentencing factors set forth in 18 U.S.C. § 3553(a), and, we respectfully believe, crucial for the Court to review in connection with the sentencing. The Shapse report addresses the "characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as the likelihood, *vel non*, that Ms. Bartlett will commit further crimes, 18 U.S.C. § 3553(a)(2)(B). This now-controlling sentencing statute appears to direct that the Court "shall consider" these factors in connection with Ms. Bartlett's sentencing, and the Court's consideration of these factors will be substantially incomplete without the Shapse report.

4. Finally, Ms. Bartlett fears that two other reports which her counsel are still awaiting - - reports from Ms. Bartlett's therapist and her 9-year old son Ryan's therapist - - will also be precluded from use at sentencing. Counsel notified the Probation Service on March 22 (in the cover letter enclosing the Shapse report) that counsel is still awaiting receipt of these two reports, and that they will be forwarded to the Probation Service and to the government promptly upon their receipts. If these reports also are not accepted by the Court, Ms. Bartlett will be irreparably

prejudiced at her sentencing and the Court simply will not have received a fair picture of Ms. Bartlett. This result will occur even though Ms. Bartlett has complied with the Court's Sentencing Order.

5. Accordingly, Ms. Bartlett respectfully requests that she be permitted to use the Shapse report, and the therapists' reports, and that the Court consider these reports at sentencing. *In the alternative*, recognizing the extraordinary importance of these reports to Ms. Bartlett's sentencing presentation, Ms. Bartlett hereby withdraws her objection to a continuance of her sentencing for a period which the Court deems reasonable.

Respectfully submitted,

NICOLE N. BARTLETT

By her attorneys,

_____/s/   Peter E. Gelhaar_____
Peter E. Gelhaar, Esq., BBO #188310
Karen A. Pickett, Esq., BBO #633801
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02109
Tel: 617-720-2880
Fax: 617-720-3554

DATED: March 24, 2005