UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10297-RWZ |
| ) | |
| NICOLE N. BARTLETT ) | |
| ) | |
| ) | |

**DEFENDANT NICOLE N. BARTLETT'S MEMORANDUM**
**CONCERNING RESTITUTION**

Nicole N. Bartlett respectfully submits this memorandum for the Court's consideration concerning the restitution order to enter in this case.

A.    The Amount Of The Loss

At Ms. Bartlett's sentencing hearing on May 10, 2005, the Court suggested that the government and Ms. Bartlett meet to discuss restitution issues in the case. At that time, the United States Probation Office has determined that the amount of the loss was $263,106.35 - - which was based on the original net loss figure of $206,521, additional withholdings of $41,028.43 and an extra $14,556.92 of duplicate checks recently discovered by the Children's Museum. At the time of the sentencing hearing, defense counsel had not seen the backup documentation for certain of these figures (and had received a chart from the government that inadvertently was "missing" certain entries, thus causing the defendant to calculate a lower loss amount). Since the time of the hearing, Ms. Bartlett's counsel has met with counsel for the government and has reviewed the backup documentation that supports the foregoing amount.

The major area of dispute between Ms. Bartlett and the government is the government's

suggestion that an additional approximately $30,000 that the Museum has recompensed or is planning to recompense employees concerning the "tax withholding" portion of the crime be added on in addition to the loss.[1] As the United States Probation Office found, this $30,000 has already been calculated in the $206, 521 figure (*i.e.*, the checks from tax withholdings are included in that calculation) and thus this $30,000 would be "double counting." The fact that the Children's Museum believes it has some duty to recompense these individuals directly does not double the loss (*i.e.*, these victims now will not have a loss because the amount they were "short" on tax withholdings has been or will be paid for by the Museum). In short, as the Probation Office found, to include this $30,000 amount in the restitution order would result in "impermissible double-counting under the guidelines." (PSR, p. 7).

Concerning certain individuals (the government lists three in its sentencing memorandum, p.5) who have submitted impact statements, the Probation Office has found that these victims were notified of the net amount of the duplicate checks, not the gross amount and therefore were calculating their estimated loss in that manner. Because these victims[2] were not made aware of the gross amount of the checks (which presumably included tax withholdings), it is unclear whether these victims suffered a tax consequence at all.

B.    Ability To Pay

---

[1]    According to the government's April 27, 2005, submission, the Children's Museum has paid the victims of the tax withholding portion of the scheme $17,575 and plans to pay an additional $12,505.

[2]    Based on the government's sentencing memorandum, the amount in controversy concerning these three individuals is $974.

2

Pursuant to 18 U.S.C. § 3664(f)(2)(A), the Court, in fashioning a restitution order, must consider the financial circumstances of the defendant. As set forth in the financial information in the Presentence Report, Ms. Bartlett currently is not working (and will be incarcerated for a period of eighteen months beginning on the report date of July 11, 2005). She is now a single mother to her son, Ryan, and her income stream is based on child support payments from her separated husband. Given the conviction in the case and the upcoming period of incarceration, Ms. Bartlett's job prospects appear somewhat bleak, though obviously she expects to return to work after her incarceration is complete and to satisfy her restitution obligation. Ms. Bartlett respectfully requests that the Court's order reflect her current inability to pay restitution.[3]

Conclusion

Based on the foregoing, Ms. Bartlett suggests that the restitution ordered in this case not exceed $263,106.35, and that the Court's restitution order reflect her current inability to pay restitution.

Respectfully submitted,

NICOLE N. BARTLETT
By her attorneys,

*Karen A. Pickett*

Peter E. Gelhaar, Esq., BBO #188310
Karen A. Pickett, Esq., BBO #633801
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02109
Tel: 617-720-2880

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand
Date: 5/20/05 *Karen P. Pickett*

DATED:    May 20, 2005

---

[3] By waiving any fine in this case, the Court presumably already has found Ms. Bartlett's current financial inability to pay.

3