UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 04-10297-RWZ |
| v.                        ) | VIOLATIONS: |
| NICOLE N. BARTLETT,       ) | 18 U.S.C. § 513 (a) |
|                           ) | (Making, Possessing, Uttering |
| Defendant                 ) | Forged Securities) |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM ON RESTITUTION AMOUNT

As requested by the Court at the sentencing hearing on May 10, 2005, the United States submits this memorandum detailing its proposed restitution figures. Following the sentencing hearing, the parties met and the government believes that there is substantial agreement as to all categories of restitution *other than* the amount attributable to the tax withholding portion of the scheme.

As detailed in the government's sentencing memorandum, the government requests restitution be ordered in the amount of $293,160, as follows:

    1. The Children's Museum            $ 292,186.00[1]

---

[1] As stated in the government's sentencing memorandum, the requested restitution figure **does not** capture the loss to many victims – employees and former employees, coworkers of Ms. Bartlett -- whom she plainly victimized in her theft scheme. The government submits that in order to calculate the loss to these victims, the government would need access to the tax returns of each victim and then would have to calculate, based on those returns, the amount of the victim's loss. Under 18 U.S.C. §3663A(c)(3)(B), such a calculation would "prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. §3663A(c)(3)(B). For this reason, the government seeks restitution only for those individual victims (listed above) who presented in

2. Virginia Zanger            158.00

3. Stacie O'Callaghan         553.00

4. Alissa Daniels             263.00

With regard to restitution owed to The Children's Museum, the government's proposed figure breaks down into the following categories:

| | |
|---|---|
| Initial loss adopted in PSR dtd 3/24/05 as detailed in government's 1/21/05 submission, Tab A | $ 206,521 |
| Additional loss due to gross/net adjustment detailed in government's 3/23/05 submission, Tab A | $ 41,028 |
| Additional loss due to match to TCM payroll register records detailed in government's 4/27/05 submission, Tab A | $ 14,556 |
| Additional loss due to repayment of funds to tax withholding victims detailed in government's 4/27/05 submission, Tab B | $ 30,081 |

It is the government's understanding that the defendant agrees to each of the figures enumerated above other than the last category, loss due to the repayment of funds to tax withholding victims. This Court will recall that as part of the scheme Ms. Bartlett fraudulently caused ADP to prepare what has been called in this case the so-called "tax-withholding checks." The funds to pay for these checks came from the Museum's payroll banking account (as did the funds for all of the other checks stolen in connection with her scheme). Thus, the face amounts of these checks were included in the $ 206,521 amount owed to The Children's Museum, see

---

their victim impact statement a tax implication calculation based on their tax returns.

above. However, that was not the only loss resultant from this part of her scheme. In carrying out this part of the scheme, Ms. Bartlett directed ADP to reduce the amount recorded as paid by the employee to fund their federal tax withholding. Thus, for example, if Ms. Bartlett directed ADP to prepare a $1,000 tax withholding check in the name of Employee A, ADP then reduced the amount reported as paid in taxes by Employee A by the same amount. Therefore, at the end of the year, when the employee prepared and paid taxes, (s)he was "short" by the amount Ms. Bartlett had stolen and (s)he then paid that amount to the federal taxing authorities.

In short, The Children's Museum was victimized by the face amount of the check at the time the money was taken out of its payroll banking account and the individuals were victimized by the face-value of the checks at the time they paid their taxes. Both losses should be recognized in the restitution figure. Here, the Museum decided to reimburse its employees for their loss as it believed that it had a fiduciary duty to do so.[2] Thus, the amount reimbursed is added to the amount owed by Ms. Bartlett to The Children's Museum.

The government understands that the defendant will argue that this is double counting. It is not. Rather, the figure proposed by the government recognizes that for this particular part of the scheme Ms. Bartlett harmed **both** the Museum and individuals. The defendant agreed at sentencing that these individuals were victims. She should not be able to deny them the

---

[2] In this regard, the Museum is akin to an insurance company that pays back a victim and is then named as the restitution recipient in the restitution order.

individual restitution owed.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

                              By:   _/s/ Diane Freniere_____
                                                Diane C. Freniere
                                                Assistant U.S. Attorney
                                                United States Courthouse, Suite 9200
                                                1 Courthouse Way
                                                Boston, MA 02210
Dated: May 20, 2005                           (617) 748-3155

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by fax to:

        Karen A. Pickett, Esq.
        Donnelly, Conroy & Gelhaar, LLP
        One Beacon Street, 33rd Floor
        Boston, MA 02108

        USPO Martha Victoria  (email)
        U.S. District Court
        District of Massachusetts

This 20th day of March, 2005.

                                            _/s/ Diane Freniere_____
                                            DIANE C. FRENIERE
                                            ASSISTANT UNITED STATES ATTORNEY